CHARLES J. SCHUCK, Judge.
Claimant, a farmer living near Kenna, Jackson county, claims damages in the amount of $63.64, for injury to an automobile taken or stolen from his premises by two boys, escapees from the West Virginia industrial school for boys at Prunty-town, West Virginia. The testimony discloses that these boys escaped from the institution at Pruntytown and had made their way to the highway in front of the claimant’s residence or farm and there took the car in question and were making their escape in it when apprehended by claimant and his father who pursued them in a farm truck having learned of the theft of the car almost immediately after it had happened. This took place on or about the 27th day of January, 1944. The boys in question were thirteen or fourteen years of age and in their attempt to escape in the car, after being pursued, wrecked it causing the damages alleged. Of course, the all-important question concerning the claim is whether or not the department through its superintendent and agents at Pruntytown, was, or were, in any way negligent and if so, whether such negligence contributed directly to the escape of the boys.
*429 The testimony of the superintendent of the institution shows that it is conducted in accordance with the modern rules and regulations as maintained both by the federal and different state authorities for the conducting of a reformatory institution such as the one at Pruntytown. The one boy had escaped on a previous occasion but he, himself, had voluntarily returned to the institution, having just gone over the hill from the school in the escape and evidently changing his mind and returning to it on the same day. The other boy had likewise escaped and had also returned to the institution. The boys in question had never given the superintendent or guards any difficulty or trouble on the school grounds or at any place in the institution; and since the said escapees had been, as the superintendent puts it “among the best kids we have got,” they settled down and one of the boys did unusually well at school. The other was a border line case and seemingly more attention was paid by the authorities accordingly.
The testimony further shows that under all the circumstances no closer supervision could have been exercised over these boys than that which was used in the institution while they were there, and before the escape which led them to take or steal claimant’s automobile. To repeat again, the superintendent testified they were unusually “good kids” from the standpoint of their conduct at the institution.
Under all these circumstances, we can find no negligence on the part of the department in question and in line with our previous holdings in such cases, we deny an award.